**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| KASSIDY WOODS,<br><br>    Plaintiff,<br><br>    v.<br><br>NICHOLAS ROLOVICH, in his individual capacity, and WASHINGTON STATE UNIVERSITY,<br><br>    Defendants. | NO. 3:21-cv-01958-M<br><br>NICHOLAS ROLOVICH AND WASHINGTON STATE UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT |

Defendants, NICHOLAS ROLOVICH and WASHINGTON STATE UNIVERSITY, in answer to Plaintiff's complaint, admit, deny and allege as follows:

## I.   PARTIES

1.   Admitted.

2.   Admitted in part, denied in part.  Defendants admit that Nicholas Rolovich was a resident of Washington State at the times material to the events pleaded in Plaintiff's Complaint.  Further, Defendants admit that Nicholas Rolovich's salary made him one of the highest paid employees in the State of Washington.  Any allegation or inference from an allegation not specifically admitted is denied.

NICHOLAS ROLOVICH AND WASHINGTON STATE UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

3. Admitted in part, denied in part. Defendants admit that Washington State University ("WSU") is a state agency as recognized by RCW 28B.30.010. Defendants further admit that original service of process can be accomplished under state law by serving an Assistant Attorney General at one of the offices of the Attorney General as provided in RCW 4.92.020. Any allegation or inference from an allegation not specifically admitted is denied.

4. Admitted in part, denied in part. Defendants admit that Nicholas Rolovich acted under color of state law when he acted in his capacity as the WSU Head Football Coach. Any allegation or inference from an allegation not specifically admitted is denied.

## II.   JURISDICTION AND VENUE

5. Admitted in part, denied in part. This Court has original jurisdiction over the subject matter of claims arising under federal law like 42 U.S.C. § 1983 and 42 U.S.C. § 2000e. Defendants deny that personal jurisdiction exists. Any allegation or inference from an allegation not specifically admitted is denied.

6. Denied.

7. Denied.

## III.   FACTUAL SUMMARY

8. Admitted in part, denied in part. Defendants admit Woods is a Black student-athlete who played football at Greenhill High School in Dallas, Texas. Defendants further admit that Woods possessed sufficient athletic and academic qualities to be recruited to play collegiate football at WSU. Any allegation or inference from an allegation not specifically admitted is denied.

9. Admitted in part, denied in part. Defendants admit that WSU recruited Woods to play collegiate football at WSU as a scholarship athlete. Any allegation or inference from an allegation not specifically admitted is denied.

10. Admitted in part, denied in part. Defendants admit that under former WSU Head Football Coach Mike Leach, WSU recruited Woods to play collegiate football at WSU. Defendants further admit that Woods and his parents had an Official Visit to WSU in November 2017.

NICHOLAS ROLOVICH AND WASHINGTON STATE UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

1  Consistent with NCAA rules, WSU covered travel, lodging and meal related expenses. Any
2  allegation or inference from an allegation not specifically admitted is denied.

3        11.    Admitted in part, denied in part. Defendants admit that in December 2017 Woods
4  executed a National Letter of Intent and an Athletic Financial Aid Agreement indicating his
5  commitment to play collegiate football at WSU. Any allegation or inference from any allegation
6  not specifically admitted is denied.

7        12.    Admitted in part, denied in part. Defendants admit Woods traveled to Pullman,
8  Washington in June 2018 to attend school and play collegiate football at WSU.

9        13.    Admitted in part, denied in part. Defendants admit Woods remained a scholarship
10 student-athlete at WSU until after he entered the transfer portal in September 2020. He received
11 one-year Athletic Aid Renewals for 2019-2020 and for 2020-2021, along with additional Summer
12 Financial Aid Agreements for the summer of the 2018-2019 scholastic year and summer of the
13 2019-2020 scholastic year. Any allegation or inference from an allegation not specifically admitted
14 is denied.

15       14.    Admitted in part, denied in part. Defendants admit that Woods' Athletic Financial
16 Aid was intact until he entered the transfer portal in September 2020. Defendants are currently
17 without sufficient information to form a belief as to the truth of the remainder of the matter asserted
18 and therefore deny the same.

19       15.    Admitted in part, denied in part. Former WSU Head Football Coach Mike Leach left
20 his position with WSU. Following Coach Leach's departure, WSU hired Nicholas Rolovich, a
21 Caucasian, to serve as the WSU Head Football Coach. Rolovich's contract called for a salary of
22 approximately 3 million dollars in 2020, which makes him one of the highest paid public employees
23 in Washington State. Any allegation or inference from an allegation not specifically admitted is
24 denied.

25       16.    Admitted in part, denied in part. The World Health Organization declared a
26 worldwide pandemic based upon the spread of COVID-19. Any allegation or inference from an

NICHOLAS ROLOVICH AND
WASHINGTON STATE UNIVERSITY'S
ANSWER TO PLAINTIFF'S
COMPLAINT

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

allegation not specifically admitted is denied.

17. Admitted in part, denied in part. In the spring semester of 2020, WSU moved from in-person attendance to distance learning as a result of the spread of COVID-19. Spring football practices were not in-person. Any allegation or inference from an allegation not specifically admitted is denied.

18. Admitted in part, denied in part. WSU football implemented measures to continue preparations for the upcoming fall season through home-based workout programs and remote interactions. Upon information and belief, Woods likely participated in the home-based workout programs and remote interactions while in Texas until he returned to Pullman in June 2020. Any allegation or inference from an allegation not specifically admitted is denied.

19. Admitted in part, denied in part. Defendants admit the allegation generally but deny that the measures were instituted to "compel the athletes to continue preforming their contractual commitments to WSU from their home states."

20. Admitted in part, denied in part. Defendants admit that in June 2020 they communicated with Woods regarding the then upcoming 2020-2021 football season and upon information and belief, at times Woods would have likely been in Texas during those communications. Any allegation or inference from an allegation not specifically admitted is denied.

21. Admitted in part, denied in part. Defendants admit that in June 2020 a player and parent meeting occurred to discuss the vision for moving forward with academic and football activities. Defendants further admit that at the time of the meeting the incidence of COVID 19 was reportedly lower in Whitman County than in other geographic regions and that the WSU student community would largely be engaged in remote learning, reducing the risk of exposure from others. WSU did not provide guidance about opting out of football activities because no final decisions had been made in that regard when the meeting occurred. Any allegation or inference from an allegation not specifically admitted is denied.

22. Admitted in part, denied in part. Defendants admit that WSU players were required

NICHOLAS ROLOVICH AND WASHINGTON STATE UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

to self-quarantine for a specific period of time upon their return to Pullman. On or about June 29, 2020, Woods returned to his off-campus residence where he lived with two teammates. Upon information and belief, Woods does carry the sickle cell trait and studies have reported higher incidents of COVID related hospitalization for individuals who carry the sickle cell trait.

23. Admitted in part, denied in part. Defendants admit that at one point in July 2020 after Woods returned to Pullman, he was isolated due to a potential COVID exposure. Defendants further admit that identities of individuals who tested positive were not disseminated among the team due to HIPPA concerns. Defendants deny that WSU had knowledge of football players testing positive before student-athletes returned to Pullman. Any allegation or inference from an allegation not specifically admitted is denied.

24. Defendants deny any nonchalance regarding COVID-19 risks or an environment where safety protocols were not in place. Defendants are without sufficient information to form a belief as to the truth of the remainder of the allegation and therefore deny the same.

25. Admitted in part, denied in part. Defendants admit that a student-athlete group described as #WeAreUnited formed and issued demands to the Pac-12 Conference. Any allegation or inference from an allegation not specifically admitted is denied.

26. Admitted in part, denied in part. Defendant Rolovich admits communicating to players in the WSU football program that if they were part of a group threatening to boycott the season if demands were not met, they could talk with him about the issue. Any allegation or inference from an allegation not specifically admitted is denied.

27. Admitted in part, denied in part. Defendant Rolovich recalls discussions with players around the issue of players boycotting the season and other player concerns. Any allegation or inference from an allegation not specifically admitted is denied.

28. Admitted in part, denied in part. Defendants admit that Woods called Rolovich and recorded the conversation without any notice to Rolovich or consent by Rolovich. Woods informed Rolovich that he was opting out of the 2020 football season due to personal health concerns.

NICHOLAS ROLOVICH AND WASHINGTON STATE UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1  Rolovich confirmed that opting out for personal health reasons related to COVID would not
2  jeopardize Woods' scholarship.  Rolovich also sought to clarify if Woods was boycotting the season
3  for reasons related to the demands issued by the student-athlete group to the PAC-12.  Rolovich
4  explained to Woods that boycotting the season as part of the student-athlete group demands would
5  likely be treated differently than opting out for personal health reasons related to COVID.  Rolovich
6  again confirmed he had no objection to Woods opting out for COVID related reasons.  Rolovich
7  asked Woods if he planned to return home to Texas, at which point Woods indicated he still
8  intended to stay at WSU and intended to participate in team workouts but was not comfortable
9  traveling.  Rolovich then informed Woods that he could not participate in team functions if he had
10 elected to opt out of the season.  Rolovich also explained that a consequence of opting out meant
11 Woods would need to clean out his locker because limiting the number of people in and around the
12 team increased the likelihood of actually having a season and would allow the team to dedicate its
13 resources to those individuals who were still playing on game days.  Any allegation or inference
14 from an allegation not specifically admitted is denied.

15      29.    Denied.

16      30.    Admitted in part, denied in part.  Defendants admit that Aguilar removed Woods and
17 other athletes from GroupMe and Woods from other platforms for the 2020-21 football team.  Any
18 allegation or inference from an allegation not specifically admitted is denied.

19      31.    Denied.

20      32.    Denied.

21      33.    Denied.

22      34.    Admitted in part, denied in part.  Defendants admit that Chun did meet with Woods
23 and his parents.  Any allegation or inference from an allegation not specifically admitted is denied.

24      35.    Admitted in part, denied in part.  Defendants admit that Woods did not receive meals
25 in the same way players who had not opted out of the upcoming season received meals.  Any
26 allegation or inference from an allegation not specifically admitted is denied.

NICHOLAS ROLOVICH AND
WASHINGTON STATE UNIVERSITY'S
ANSWER TO PLAINTIFF'S
COMPLAINT

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

36. Admitted in part, denied in part. Defendants admit Woods' family made a claim to the media that Woods was cut from the WSU football team and that Woods' family's claim was widely disseminated. Any allegation or inference from an allegation not specifically admitted is denied.

37. Admitted in part, denied in part. Defendant Rolovich admits asking student-athletes to communicate with him directly if they intended to opt out or intended to transfer. Any allegation or inference from an allegation not specifically admitted is denied.

38. Denied.

39. Admitted in part, denied in part. Defendants admit that COVID-19 opt out protocols were issued by WSU. Any allegation or inference from an allegation not specifically admitted is denied.

40. Admitted in part, denied in part. Defendants admit that counsel for Woods, within 3 days of Woods opting out of the 2020-2021 season, sent a letter to the Defendants. Any allegation or inference from an allegation not specifically admitted is denied.

41. Admitted in part, denied in part. Defendants admit that positive COVID-19 tests disrupted practice schedules and game schedules during the 2020-2021 football season. Any allegation or inference from an allegation not specifically admitted is denied.

42. Admitted in part, denied in part. Defendants admit that WSU President Kirk Schulz was interviewed by 247Sports and during the interview confirmed his positive view of Woods. Schulz is quoted as saying "I don't think we were crystal clear to our student-athletes and our coaches on what it meant to step aside." Schulz is also quoted as saying the situation had been blown a little out of proportion and he indicated his willingness to talk with Woods. Defendant Rolovich admits that the phone call between himself and Woods is misconstrued. Any allegation or inference from an allegation not specifically admitted is denied.

43. Admitted in part, denied in part. Defendants admit that a Zoom meeting occurred with Chun, an AAG, the Woods family and their attorney present. Any allegation or inference from

NICHOLAS ROLOVICH AND WASHINGTON STATE UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

an allegation not specifically admitted is denied.

44. Admitted in part, denied in part. Defendants admit that Chun is the Athletic Director at WSU and as such he oversees the Athletic Department. At all times relevant to this lawsuit, Rolovich reported directly to Chun. Any allegation or inference from an allegation not specifically admitted is denied.

45. Admitted in part, denied in part. Defendants admit that Schulz and Woods never had a personal conversation. Any allegation or inference from an allegation not specifically admitted is denied.

46. Admitted in part, denied in part. Defendants admit that Woods ended his football career at WSU by entering the NCAA transfer portal. Any allegation or inference from an allegation not specifically admitted is denied.

47. Admitted in part, denied in part. Defendants admit that out of 1,600 tests administered, 60 student athletes tested positive for COVID-19 in September 2020 as compared to seven positive tests in August 2020. Any allegation or inference from an allegation not specifically admitted is denied.

48. Admitted in part, denied in part. After Woods ended his eligibility to play football at WSU by entering the NCAA transfer portal, Woods forfeited his right to any continuing Athletic Financial Aid. Any allegation or inference from an allegation not specifically admitted is denied.

### IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

49. The responses to the preceding paragraphs are incorporated by reference herein.

50. Admitted.

51. Denied.

52. Denied.

53. Denied.

NICHOLAS ROLOVICH AND WASHINGTON STATE UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

54. Denied.

55. Denied.

## SECOND CAUSE OF ACTION

56. The responses to the preceding paragraphs are incorporated by reference herein.

57. Admitted.

58. Admitted in part, denied in part. Defendants admit that Woods is a member of a protected class. Any allegation or inference from an allegation not specifically admitted is denied.

59. Denied.

60. Denied.

61. Denied.

## THIRD CAUSE OF ACTION

62. The responses to the preceding paragraphs are incorporated by reference herein.

63. Admitted in part, denied in part. Defendants admit that Woods entered Athletic Financial Aid Agreements with WSU, the terms and conditions of which are detailed in various agreements. Any allegation or inference from an allegation not specifically admitted is denied.

64. Admitted in part, denied in part. Defendants admit that until the last agreement, Woods met his obligations to receive benefits under the Athletic Aid Agreement. However, Woods voluntarily ended the last agreement by entering the NCAA transfer portal. Any allegation or inference from an allegation not specifically admitted is denied.

65. Denied.

66. Denied.

## FOURTH CAUSE OF ACTION

67. The responses to the preceding paragraphs are incorporated by reference herein.

68. Admitted.

69. Denied.

70. Admitted in part, denied in part. Defendants admit that WSU is a public university

NICHOLAS ROLOVICH AND
WASHINGTON STATE UNIVERSITY'S
ANSWER TO PLAINTIFF'S
COMPLAINT

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

with divisions that receive federal funds. Any allegation or inference from an allegation not specifically admitted is denied.

71. Denied.

### V. CONDITIONS PRECEDENT

72. Denied.

### VI. PUNITIVE DAMAGES

73. Denied.

### VII. ACTUAL DAMAGES

74. Denied.

### VIII. EXPECTATION DAMAGES

75. Denied.

### IX. ATTORNEYS FEES

76. Denied.

### X. JURY DEMAND

77. Defendants admit Woods demands a trial by jury. Defendants also demand a trial by jury for those causes of action for which a jury trial is permitted.

### PRAYER

### AFFIRMATIVE DEFENSES

By Way of FURTHER ANSWER and FIRST AFFIRMATIVE DEFENSE, Defendants allege

1. JURISDICTION – that the Court lacks jurisdiction over the person of the defendants.

2. VENUE – that the Northern District of Texas, the venue in which this action has been commenced, is not the proper venue for said action.

3. FAILURE TO STATE A CLAIM – that the Plaintiff has failed to state a claim upon which relief may be granted to the extent the Plaintiff brings any 42 U.S.C. § 1983 claim against WSU, an agency of the State of Washington.

NICHOLAS ROLOVICH AND WASHINGTON STATE UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

4.   SETOFF – that the Defendants are entitled to an offset from any awards to Plaintiff herein and/or recovery of back monies paid to Plaintiff.

5.   ELEVENTH AMENDMENT IMMUNITY – that the Defendant State of Washington, its agencies and agents sued in their official capacity, are not subject to civil suit for damages under the Eleventh Amendment of the Constitution of the United States.

6.   QUALIFIED IMMUNITY – that the claims alleged under 42 U.S.C. § 1983 against the state employees are barred by the doctrine of qualified immunity.

WHEREFORE, Defendants prays that Plaintiff's complaint be dismissed with prejudice and that Plaintiff takes nothing by his complaint and that Defendants be allowed their costs and reasonable attorney fees herein.

DATED this 29th day of October, 2021.

>ROBERT W. FERGUSON
>Attorney General
>
>  s/Carl P. Warring
>CARL P. WARRING, WSBA No. 27164
>GARTH A. AHEARN, WSBA No. 29840
>Assistant Attorneys General
>Fax (509) 458-3548
>Carl.Warring@atg.wa.gov
>Garth.Ahearn@atg.wa.gov

NICHOLAS ROLOVICH AND WASHINGTON STATE UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

## PROOF OF SERVICE

I certify that I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Cody L. Towns            ctowns@townslawfirm.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 29th day of October, 2021, at Spokane, Washington.

ROBERT W. FERGUSON
Attorney General

 s/Carl P. Warring
CARL P. WARRING, WSBA No. 27164
GARTH A. AHEARN, WSBA No. 29840
Assistant Attorneys General
Fax (509) 458-3548
Carl.Warring@atg.wa.gov
Garth.Ahearn@atg.wa.gov

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123